, IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

UNITED STATES OF AMERICA

V.

**HASIB MUQSIT-RIVERS**

Criminal No: 2:22-cr-00292-BHH

**PLEA AGREEMENT**

### General Provisions

This PLEA AGREEMENT is made this <u>18th</u> day of <u>April</u>, 2025, between the
United States of America, as represented by Acting United States Attorney Brook B. Andrews,
Assistant United States Attorneys Elle E. Klein and Sean Kittrell; the Defendant, **HASIB
MUQSIT-RIVERS**, and Defendant's attorney, Greg Galvin.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to the *lesser-included* offense to Count 1 of the
   Indictment now pending, that is, "*Distribution of a Quantity of Fentanyl*," a violation of 21
   U.S.C., § 841(a)(1) and (b)(1)(C).

In order to sustain its burden of proof, the Government is required to prove the following:

### Count 1

A.  That the defendant distributed the amount of controlled substance alleged in the
    indictment;

B.  That the defendant knew that the substance distributed or possessed with the intent
    to distribute was a controlled substance under the law at the time of the distribution;
    and

C.  That the defendant did so knowingly or intentionally.

1

The penalty for this offense is:

**21 U.S.C. § 841(b)(1)(C):**

Maximum sentence of imprisonment of 20 years, no probation, no parole, a fine of up to $1,000,000 and a term of supervised release of at least 3 years in addition to any term of imprisonment, plus a special assessment of $100.

2.      The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613. In the event the Court imposes a schedule for payment of restitution, the Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the Government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m), and 2259(b)(2).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

        A.      Special Assessment: Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing, or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

B.  Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. §§ 2259, 3663, 3663A, and 3664. The Defendant agrees to cooperate fully with the Government in identifying all victims. Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the Government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

C.  Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3.  The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this

Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

## **Merger and Other Provisions**

4.    The Attorneys for the Government agree to recommend that the Defendant not be prosecuted for any similar or related state crimes, stemming from the incident on October 31, 2020 so long as the Defendant complies with the terms of this Plea Agreement. The Defendant understands that this is only a recommendation and is not binding upon the Charleston County Solicitors Office. Furthermore, the Defendant fully understands that he has no right to withdraw his guilty plea should such recommendation not be followed by the Charleston County Solicitor's Office.

5.    In exchange for the concessions made by the Government and pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree an appropriate sentence in this case, irrespective of the guidelines, is between **180 months to 216 months** incarceration, followed by the appropriate statutory term of supervised release. The parties further stipulate that the defendant's offense of conviction under 21 U.S.C. § 841(b)(1)(C) (distribution of fentanyl) resulted in the death of S.J. from the use of the substance (Count 1). The Defendant understands that these stipulations are not binding upon the Court or the United States Probation Office, and that the Defendant has no right to withdraw his plea should these stipulations not be accepted. Further, the Defendant understands and acknowledges that these stipulations are binding on the Government only in the event that the Defendant complies with ALL of the terms of this Agreement and does not contest any of the above stipulations or any readily provable relevant conduct. If the Defendant does not comply

with all the terms of this Agreement, the United States may seek the maximum sentence allowed by law and the Defendant will not be allowed to withdraw his plea.

6. The Defendant represents to the Court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his/her attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

7. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial

misconduct, or future changes in the law that affect the Defendant's sentence. This Agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

8. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

9. The parties hereby agree that this Plea Agreement, together with any written provisions disclosed during the Rule 11 plea hearing in accordance with Fed. R. Crim. P. 11(c)(2), contain the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the Court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

4/17/2025

_____
Date

Hasib Mues

**HASIB MUQSIT-RIVERS**
DEFENDANT

4/17/2025

_____
Date

Greg Galvin
ATTORNEY FOR THE DEFENDANT


BROOK B. ANDREWS
ACTING UNITED STATES ATTORNEY

4/18/2025

_____
Date

_____
Elle E. Klein (#12941)
Sean Kittrell (#6032)
ASSISTANT UNITED STATES ATTORNEY

7